### TILLINGHAST *v.* HICKS and another.

*(Circuit Court, N. D. New York.* 1882.)

PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTION.

    Where there was a delay of 10 years between the original patent and the reissue; a controversy as to the validity of the reissue and as to the infringement; no decision of any court establishing the validity of the patent; no royalty or license fees paid to the patentee; no general use or public recognition; no present manufacturing or sale of the patented article; and no allegation of irresponsibility on the part of the defendants,—a preliminary injunction will be refused.

*William A. Abbott,* for complainant.
*Esek Cowen,* for defendants.

Coxe, D. J. Complainant moves for a preliminary injunction in an action brought to restrain the infringement of a patent for an improvement in "railroad-car ventilators." The patent was originally issued January 3, 1871. The claim was as follows:

"The improvement in car ventilators, or dust-guards, which consists in providing the leaves, A and A¹, with the right-angled edges, *b* and *b*¹, hinged to the car, substantially as described, by means of which the current of air is directed past the joint with the window-jamb or side of the car, as and for the purposes specified."

The patent was reissued February 15, 1881. In addition to the claim of the original patent, just quoted, the reissue contained the following language:

"(2) The combination with the side of a car of hinged deflectors or dust-guard, having their hinged edges shielded by a "break-joint" strip projecting from the car side, to deflect the current of air past the joint and prevent the entrance of dust, substantially as set forth."

A disclaimer was filed by complainant, March 23, 1882,—

"To that part of the specification which is in the following words, to-wit: 'It is evident that a close round hinge attached to the inner edge of the deflector would in a measure serve a similar purpose, and yet be within the scope of my invention, which consists in providing the deflectors with such a means of close connection with the car as will direct the current of air past the point of junction with the car when the leaf is extended outward and in use.'"

He also renounces his—

"Broad claim to a freely-swinging pivoted shield having a flange at its inner or pivoted edge that rests against the side of a car when the shield stands at right angles to the same, and your petitioner desires to explain that his claims are intended to cover hinged deflectors or dust-guards having their hinged edges shielded by a strip on the car or by a projecting part of the car frame in such manner as to form a 'break-joint' so that the entrance of dust cinders, etc., at the pivoted edges of the deflectors or guards is effectually prevented."

It is thought that sufficient has been quoted to warrant the defendants in asserting that the complainant's invention, and his own statements regarding it, are involved in some perplexity. Prior to the reissue and disclaimer, and on the twenty-first day of January, 1879, and on the twenty-ninth day of July, 1879, respectively, the defendant Reynolds was granted two patents for an improvement in "dust-guards for car windows." The claim in the second of these patents—the first is not produced—is in these words:

"(1) The combination, with a hinged dust-guard, of a guard-strip, E, provided with one or more standing flanges, e, adapted to form a dust-tight joint with said dust-guard, as herein specified. (2) The combination with the pintle, B, of the socket, C, provided with the spring, D, as and for the purpose herein specified."

Briefly stated, the difference between complainant's device and the one used by the defendants is this:—complainant's dust-guard, as shown by his drawings, is in one piece, provided with an angular edge, which, when it is extended for use, fits closely against the window-jamb, or against a projection on the wall of the car, thus preventing the ingress of dust. Defendants' dust-guard is in two pieces, the one consisting of a plain flat leaf, the other a metallic strip projecting from the car about a quarter of an inch, against the outer edge of which the inner edge of the hinged leaf rests. Whether the latter is an infringement of the former is a question which must ultimately be decided in this case. It is only necessary to say, for the purposes of this motion, that the question is not free from doubt. Ten years elapsed before the reissue was applied for. The application was then made with full knowledge of the device of the defendants. Such a long delay would seem to bring the case within the doctrine of *Miller* v. *Bridgeport Brass Co.* 21 O. G. 201. Complainant's acquiescence for so long a period in the terms of the patent as originally stated would operate as a dedication to the public of those improvements not specifically claimed by him. *Sheriff* v. *Fulton,* 12 FED. REP. 136.

But it is argued that the claim in the original patent is broad enough to cover the device used by the defendants, and that no new principle or combination is stated in the reissue. This position is vehemently combated by the defendants, and they refer to the following language of the patent, which they enterpret as meaning that although the complainant, in 1871, had in mind a ventilator similar to the defendants' device, he did not deem such an invention practicable, and so did not include it in his claim:

"It has been proposed for many years to have ventilators consisting of the plain, flat leaf, hinged to the outside of the car adjacent to the windows. Experiments have been made therewith, but, owing to the difficulty of having a joint which, while it would allow the leaf to come in contact flatwise with the side of the car, would also, when at right angle thereto, present a close joint, the common and usual method of hinging has been applied."

These considerations alone might not lead to a denial of the motion; but the complainant, for other reasons, disconnected from the

questions arising on the patents, has failed to bring himself within the rules applicable to these cases. No suit at law or in equity has ever been commenced by the complainant. His invention has not gone into public use. No manufacturer has ever paid royalties to the complainant. His device has not been extensively used on any railroad, nor has it been recognized by the public. It is not asserted that it is now in use anywhere or for sale anywhere. The defendants are large manufacturers and vendors of the ventilators described in the Reynolds patent. To put a stop to this branch of their business would be likely to cause them irreparable injury. There is no allegation that the defendants are irresponsible or unable to respond in damages should the complainant finally succeed. The granting of an injunction rests in the discretion of the court, having in view all the circumstances of the case,—its effect upon the defendants as well as upon the complainant. If it can be plainly seen that greater mischief will result from granting than from refusing it, the writ should be withheld. No case is cited, and I have been unable to find one, sustaining an injunction where, as in this case, the following facts concur:

(1) A delay of 10 years between the original patent and the reissue; (2) a controversy as to the amended claim of the reissue, and also upon the question of infringement; (3) an apparent apathy on the part of the patentee regarding his rights for many years following his invention; (4) no decision of any court establishing the validity of the patent; (5) no royalties or license fees paid to the patentee; (6) no general use; (7) no present manufacturing or vending under the patent; (8) no public recognition; (9) large interests of the defendants jeoparded; (10) no allegation of irresponsibility.

On the contrary, the courts have frequently regarded the existence of a few of these circumstances as sufficient to authorize a denial of the application. *Fish* v. *Sewing Machine Co.* 12 FED. REP. 495; *Neilson* v. *Thompson,* Webst. Pat. Cas. 278; *Brown* v. *Hinkley,* 6 Fish. 370; *Robertson* v. *Hill,* Id. 468.

For these reasons the court would not be warranted in granting a preliminary injunction. Motion denied.